## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**JERON DEANGELO NEAL**
**#01945286,**
                           **Plaintiff,**

**-vs-**                                                          **Case No.  A-25-CV-02147-RP**

**DANIELLE TIERNEY, et al.,**
                           **Defendants.**

_____

### ORDER

Before the Court is Plaintiff's civil-rights complaint (ECF #1). The Court granted Plaintiff

leave to proceed *in forma pauperis*.  For the reasons discussed below, the Court dismisses Plaintiff's

complaint.

### STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Ramsey 1 Unit of the

Texas Department of Criminal Justice.  Public records indicate Plaintiff was convicted of two counts

of aggravated robbery with a deadly weapon.  He was sentenced to 22.5 years in prison on March 5,

2014.  Plaintiff challenged his convictions in a state application for habeas corpus relief on or about

August 11, 2025.  On December 18, 2025, the Texas Court of Criminal Appeals denied Plaintiff's

habeas corpus application without written order.  *Ex parte Neal*, Appl. No. 96,799-03.

In his civil-rights complaint, Plaintiff alleges he was assaulted by another inmate at the Ellis

Unit in August 2025, while awaiting a bench warrant to Travis County.  He holds responsible for the

assault:  Assistant Travis County District Attorney Danielle Tierney; Travis County District Attorney

Jose P. Garza; Travis County; and Attorney General Ken Paxton.  He alleges he notified the Attorney

General's Office about previous assaults and Travis County officials failed to issue a warning to TDCJ to protect Plaintiff while awaiting transfer to Travis County on a bench warrant. Although Plaintiff filed two motions for bench warrant, the judicial district court in Travis County never granted them. Plaintiff's habeas application was resolved without a hearing.

DISCUSSION AND ANALYSIS

1.    Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2.      Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215. Further, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

3.   <u>Personal Involvement</u>

Plaintiff wholly fails to allege any personal involvement by the defendants in the alleged attack on Plaintiff.  Ordinarily, the Court would allow the Plaintiff the opportunity to amend his complaint before dismissal.  However, any attempt to amend his claims against the defendants would be futile.  If Plaintiff wishes to sue prison officials at the Ellis Unit where the attack occurred, venue would not be proper in this Court.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on January 27, 2026.


ROBERT PITMAN
UNITED STATES DISTRICT JUDGE